**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS CAMAS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>- against –<br><br>TUTTO BENE RESTAURANT INC. d/b/a CHELSEA RISTORANTE,<br><br>Defendants. | Index No. 17-CV-8577<br><br>**COMPLAINT**<br><br>**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION** |

Plaintiff LUIS CAMAS, by and through his attorneys, the Law Office of Yuriy Moshes, P.C. and Naydenskiy Law Group, P.C., on behalf of himself and all others similarly situated, alleges, upon personal knowledge as to himself and his own acts, and upon information and belief as to all other matters, as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq. ("FLSA"). Plaintiff seeks, for himself and similarly situated employees, unpaid minimum wage, unpaid overtime, liquidated damages, reasonable attorneys' fees and costs, and all other appropriate legal and equitable relief, pursuant to 29 U.S.C. §§ 216(b) and 217, and other applicable federal law.

2. Plaintiff also brings this action, on behalf of himself and other employees similarly situated, to remedy violations of the New York State Labor Law, including N.Y. Lab. L. §§ 190 et seq., §§ 650 et seq. ("NYLL"), and 12 NYCRR § 142-2.2.

1

Plaintiff seeks, for himself and all other similarly situated employees, unpaid minimum wage, unpaid overtime, statutory damages, interest, reasonable attorneys' fees and costs, liquidated and other damages, and all other appropriate legal and equitable relief, pursuant to the NYLL §§ 198, 663.

3. Plaintiff also complains pursuant to the <u>Wage Theft Prevention Act</u>, New York Labor Law § 195 *et seq.* and seeks to redress the damages she has suffered as a result of Defendants' **<u>failure to provide him and the Class Members with written notice of wage rates</u>**, including, inter alia, their rate of pay.

## JURISDICTION AND VENUE

4. Jurisdiction of the Court over Plaintiff's FLSA claims is invoked pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Jurisdiction of this Court over Plaintiff's NYLL claims is invoked pursuant to 28 U.S.C. § 1367(a) in that the NYLL claims are so related to Plaintiff's FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

6. Venue is proper within this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred within this District. Venue is further proper within this District pursuant to 28 U.S.C. § 1391 because Defendants may be found in this District.

## PARTIES

7. Plaintiff LUIS CAMAS ("Plaintiff") resides in the County of Kings in the State of New York.

8. Plaintiff's written consent to sue is attached hereto as Exhibit "A."

9. Defendant TUTTO BENE RESTAURANT INC. d/b/a CHELSEA RISTORANTE ("Defendant") is a New York State domestic corporation licensed to do business in the State of New York, with an office and place of business at 108 8th Ave, New York, NY 10011.

10. Upon information and belief, Defendants gross more than $500,000.00.

11. At all relevant times, Defendants have been, and continue to be an "employer" engaged in interstate "commerce" and/or in the "production of goods" for "commerce", within the meaning of 29 U.S.C. § 203 and the NYLL. At all relevant times, Defendants have employed "employee[s]", including Plaintiff, each of the FLSA Collective Plaintiffs and the Class Members.

## FACTUAL ALLEGATIONS

12. Defendants operate a(n) Italian food restaurant under the name Chelsea Ristorante.

13. At all times relevant hereto, Defendants employed the Plaintiff, FLSA Collective Plaintiffs, and the Class Members as non-exempt employees including, but not limited to, busboys, runners, and waiters.

14. Insofar as is relevant, from December 31, 2015 to December 30, 2016, the New York State minimum wage was $9.00 per hour. From December 31, 2016 to the present, the New York State minimum wage has been $11.00 per hour for New York City employers with 11 or more employees.

15. At all relevant times, Plaintiff was employed by Defendants as a busboy, as described herein, from in or around November 2016 until in or around June 2017.

16. Defendants scheduled Plaintiff to work – and Plaintiff worked - 6 days per week and 12 hours per work day.

17. Plaintiff, the FLSA Collective Plaintiffs, and the Class Members regularly worked in excess of a 40-hour work week.

18. However, Defendants paid Plaintiff $30 per work day for 6 days worked per work week, for a total of $180 per work week.

19. Specifically, from on or about November 1, 2016 until on or about December 31, 2016, Plaintiff worked approximately nine (9) weeks ("the 9-week period"). The overtime rate during this period was one and one-half times Plaintiff's hourly rate ($9/hr x 1.5 = $13.50/hr).

20. However, throughout the 9-week period, Defendant failed to pay Plaintiff the minimum wage and overtime rate for many hours worked as required by law, in violation of the FLSA and NYLL.

21. During the 9-week period, although Plaintiff worked a total of 48 hours each week, Defendant only paid Plaintiff a total of $180.00 per week, which compensated Plaintiff for only 20 hours of work ($9/hr x 20 hours = $180.00). Accordingly Defendants underpaid Plaintiff **$288.00** per week ($9/hr x 40 hours = $360; $13.50/hr x 8 hours = $108.00; $400 + $108.00 = $468.00).

22. In total, during the 9-week period, Defendant underpaid Plaintiff a total of **$2,592.00**.

23. From on or about January 1, 2017 until on or about June 1, 2017, Plaintiff worked approximately twenty-two (22) weeks ("the 22-week period"). The overtime rate

4

during this period was one and one-half times Plaintiff's hourly rate ($11/hr x 1.5 = $16.50/hr).

24.     However, throughout the 22-week period, Defendant failed to pay Plaintiff the minimum wage and overtime rate for many hours worked as required by law, in violation of the FLSA and NYLL.

25.     From on or about January 1, 2017 until on or about January 23, 2017, although Plaintiff worked a total of 48 hours each week, Defendant only paid Plaintiff a total of $180.00 per week, which compensated Plaintiff for approximately 16.36 hours of work ($11/hr x 16.36 hours = $180.00).  Accordingly Defendants underpaid Plaintiff **$392.00** per week ($11/hr x 40 hours = $440; $16.50/hr x 8 hours = $132.00; $440 + $132.00 = $572) during this three week period, for a total of **$1,176.00**.

26.     From on or about January 24, 2017 until on or about February 5, 2017, although Plaintiff worked a total of 48 hours each week, Defendant only paid Plaintiff a total of $150.00 per week, which compensated Plaintiff for approximately 13.6 hours of work ($11/hr x 13.63 hours = $180.00).  Accordingly Defendants underpaid Plaintiff **$422.00** per week ($11/hr x 40 hours = $440; $16.50/hr x 8 hours = $132.00; $440 + $132.00 = $572) during this two week period, for a total of **$844.00**.

27.     From on or about February 6, 2017 until on or about June 1, 2017, although Plaintiff worked a total of 48 hours each week, Defendant only paid Plaintiff a total of $180.00 per week, which compensated Plaintiff for approximately 16.36 hours of work ($11/hr x 16.36 hours = $180.00).  Accordingly Defendants underpaid Plaintiff **$392.00** per week ($11/hr x 40 hours = $440; $16.50/hr x 8 hours = $132.00; $440 + $132.00 = $572) during this seventeen week period, for a total of **$6,664.00**.

28. In total, during the 22-week period, Defendant underpaid Plaintiff a total of **$8,684.00**.

29. Thus, Plaintiff is owed a total of **$11,276.00 ($2,592.00 + $8,684.00)** in unpaid wages and overtime wages for all work performed during her employment with Defendant.

30. Furthermore, due to Defendant's violation of the WTPA, Plaintiff is entitled to $5,000.00 in damages, plus costs and attorneys' fees.

31. Defendant knowingly and willfully operated its business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to the Plaintiff, the FLSA Collective Plaintiffs and the Class Members.

32. Defendant did not pay Plaintiff and the FLSA Collective Plaintiffs an overtime premium for all hours worked in excess of 40 hours per work week as required by the FLSA.

33. Defendant failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime premiums of one and one half times their regular hourly rates of pay for all of the hours they worked in excess of 40 hours per week.

34. Defendant violated NYLL § 195(3) by failing to furnish Plaintiff and the Class Members with a statement with every payment of wages, listing, among other things, hours worked, rates paid, gross wages, deductions and net wages, and an explanation of how such wages were computed.

35. Defendant failed to provide Plaintiff and the Class Members with the notices required by NYLL §195(1).

36. Defendant knew of, and/or showed reckless disregard for, the practices by which Plaintiff and other similarly situated employees of Defendant were not paid overtime premiums for all hours worked in excess of 40 hours in a week. Defendant knew that the nonpayment of overtime premiums would economically injure Plaintiff and the FLSA Collective Plaintiffs and that it violated the FLSA and the NYLL.

37. Defendant committed the foregoing acts knowingly, intentionally and willfully against the Plaintiff and the FLSA Collective Plaintiffs.

## COLLECTIVE ACTION ALLEGATIONS

38. Plaintiff brings the First and Second Claims for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendant at any time including, but not limited to, as busboys, runners, and waiters, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs".

39. At all relevant times, Plaintiff and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them minimum wage, and legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of the Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

40. Other runners, busboys, runners, and waiters currently or formerly employed by Defendant should have the opportunity to have their claims for violations of

the FLSA heard. Certifying this action as a collective action under the FLSA will provide other non-exempt employees including, but not limited to busboys, runners, and waiters to receive notice of the action and allow them to opt in to such an action if they so choose.

41. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendant.

## RULE 23 CLASS ALLEGATIONS – NEW YORK

42. Plaintiff brings the Third and Fourth Claims for Relief pursuant to CPLR Article 9, to recover minimum wage, unpaid overtime pay and other damages on behalf of all individuals employed in the State of New York by Defendant, including, but not limited to, as busboys, runners, and waiters, at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiff, are referred to as the "Class Members" and/or the "Class".

43. The number, names and addresses of the Class Members are readily ascertainable from the records of the Defendant. The dates of employment and the rates of pay for each Class Member, the hours assigned and worked, and the wages paid to them, are also determinable from Defendant's records. Notice can be provided by means permissible under CPLR Article 9.

44. The proposed Class is so numerous that joinder of all Class Members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court. While the precise number of such persons is unknown to Plaintiff and is presently within the sole control of Defendant, Plaintiff believes that through discovery he will obtain evidence to establish that there are at least forty members of the Class.

45. Plaintiff's claims are typical of the claims of the other Class Members, and the relief sought is typical of the relief which would be sought by each Class Member in separate actions. All the Class Members were subject to the same corporate practices of Defendant, in that they were not compensated (i) minimum wage for all hours worked, (ii) overtime pay for hours worked in excess of 40 hours per work week, as required by 12 N.Y.C.R.R. § 142-2.2; and (iii) failed to provide them with proper notices and/or documents as required by NYLL § 195. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member.

46. Plaintiff and the other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures caused by Defendant's violations of the NYLL.

47. Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class. Plaintiff retained Naydenskiy Law Group, P.C. and the Law Office of Yuriy Moshes, P.C., experienced employment and class and collective action litigation firms.

48. A class action is superior to other available methods for the fair and efficient adjudication of the controversy—particularly in the context of wage and hour

litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate Defendants. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.  Because the losses, injuries and damages suffered by each of the individual Class Members are relatively small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual Class Members to redress the wrongs done to them.  On the other hand, important public interests will be served by addressing the matter as a class action.  The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Class, establishing incompatible standards of conduct for Defendants and resulting in the impairment of Class Members' rights and the disposition of their interests through actions to which they were not parties.  The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

49. Upon information and belief, employees of the Defendant are often afraid to individually assert their rights out of fear of direct or indirect retaliation and former employees are fearful of bringing individual claims because the fear that doing so could harm their employment, future employment, and future efforts to secure employment.  A

class action provides Class Members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

50. The questions of law and fact common to the Class predominate over any questions affecting only individual Class Members, including: (a) whether Defendant paid Class Members minimum wage for all hours worked, (b) whether Defendant failed to adequately compensate the Class Members for overtime hours worked as required by 12 NYCRR § 142-2.2, (c) whether Defendant provided Class Members with the notices required by NYLL § 195(1), and (d) whether Defendant provided Class Members with sufficiently detailed wage statements as required by NYLL § 195(3).

51. Absent a class action, many of the Class Members likely will not obtain redress of their injuries and Defendant will retain the proceeds of their violations of the NYLL.

52. BE ADVISED that Plaintiff intends to hold shareholders jointly, severally, and personally liable in accordance with Section 630 of the New York Business Corporation Law ("BCL"), for all debts, wages or salaries due and owing to Plaintiff and other qualifying persons and/or entities.

53. BE FURTHER ADVISED that in order to ascertain the identification of shareholders that may be subject to liability under BCL § 630 of the Business Corporation Law, Plaintiff hereby demands an examination of the record of shareholders under paragraph (b) of Section 624 of the BCL.

54. Plaintiff is seeking only those remedies that fall within the Court's jurisdiction under UDCA § 201 et seq., and only to the extent set forth thereunder.

Should it be discovered that Plaintiff is entitled to sums that are beyond the jurisdiction of this Court, Plaintiff reserves the right to seek such relief through Civil Practice Law and Rules ("CPLR") § 325 and/or a similar procedural mechanism.

**FIRST CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiff)**

55. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

56. Defendant failed to pay Plaintiff and the FLSA Collective Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

57. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid minimum wage, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

58. Because Defendant's violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

**SECOND CLAIM FOR RELIEF**
**(Failure to Pay Overtime Wages – FLSA, Brought by Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

59. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

60. Throughout the statute of limitations period covered by these claims, Plaintiff and the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per workweek and continue to do so.

61. At all relevant times, Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the FLSA Collective Plaintiffs the required overtime rates for hours worked in excess of forty (40) hours per workweek.

62. Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

63. Because Defendant's violations of the FLSA have been willful, the three-year statute of limitations pursuant to 29 U.S.C. § 255 should be equitably tolled for, at the very least, the six-year NYLL statute of limitations period.

**THIRD CLAIM FOR RELIEF**
**(Failure to Pay Minimum Wage and Overtime Wages – NYLL, Brought by Plaintiff on Behalf of Himself and the Class Members)**

64. Plaintiffs, on behalf of himself and the Class Members, realleges and incorporates by reference all previous paragraphs as if they were set forth again herein.

65. It is unlawful under New York law for an employer to suffer or permit a non-exempt employee to work without paying minimum wage or overtime premiums for all hours worked in excess of forty (40) hours in any workweek.

66. Defendant willfully, regularly, repeatedly and knowingly failed to pay Plaintiff and the Class Members minimum wage and the required overtime rates for hours worked in excess of forty (40) hours per workweek.

67. As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, Plaintiff and the Class Members have sustained damages, including loss of earnings, in an amount to be established at trial.

68. Plaintiff and the Class Members seek damages in the amount of their respective unpaid overtime compensation, liquidated damages, prejudgment interest, attorneys' fees and costs, pursuant to NYLL, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(Notice Violations & Wage Statement Violations – NYLL §195, Brought by Plaintiff on Behalf of Himself and the Class Members)**

69. Plaintiff, on behalf of himself and the Class Members, realleges and incorporates by reference all allegations in all preceding paragraphs as if they were set forth again herein.

70. Defendant has failed to supply Plaintiff and the Class Members with notice as required by NYLL § 195, in English or in the languages identified by Plaintiff and the Class Members as his/her primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

71. Defendant has willfully failed to supply each Plaintiff and the Class Members with an accurate statement of wages as required by NYLL § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

72. Due to Defendant's violations of the NYLL, Plaintiff and the Class Members are entitled to recover damages and/or statutory penalties from Defendant, as provided for by NYLL § 198, as well as reasonable attorneys' fees, costs, injunctive and declaratory relief.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, on behalf of himself, the FLSA Collective Plaintiffs, and the Class Members, pray for relief as follows:

(a) Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(b) Certification of this action as a class action;

(c)      Designation of the Named Plaintiff as Representative of the FLSA Collective Plaintiffs and Class Representative of the Class;

(d)      An award of damages, according to proof, including FLSA and NYLL liquidated damages, and interest, to be paid by Defendant;

(e)      Costs of action incurred herein, including expert fees;

(f)      Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. §§ 663, 198 and other applicable statutes;

(g)      Pre-Judgment and post-judgment interest, as provided by law; and

(h)      Such other and further legal and equitable relief as this Court deems necessary, just and proper.

Dated: November 6, 2017          Respectfully submitted,

                                             LAW OFFICE OF YURIY MOSHES, P.C.

                                             Alex Umansky (AU7961)
                                             322 West 48th Street, 6th Floor
                                             New York, NY 10036
                                             (718) 504-6090
                                             aumansky@mosheslaw.com
                                             *Attorneys for Plaintiff, Proposed Collective Action Plaintiffs and Proposed Class Members*

# EXHIBIT A

I am a current or former employee of TUTTO BENE RESTAURANT INC. d/b/a Chelsea Restaurant, and/or related entities/individuals. I hereby consent and agree to be a party Plaintiff in this Action to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. 216(b).

I hereby designate Naydenskiy Law Group, P.C. to represent me in this Action and I also consent and agree, if such is necessary, to file this claim on behalf of all others similarly situated.

Signed this 3 day of 4, 2017.

_____
Signature

_____Luis Camas_____
Full Legal Name (print)