## SETTLEMENT AGREEMENT

**IT IS HEREBY AGREED BY AND AMONG,** LUIS CAMAS ("Plaintiff") and TUTTO BENE RESTAURANT INC. d/b/a CHELSEA RISTORANTE ITALIANO ("Defendant") as follows:

**WHEREAS,** Plaintiff and Defendant, in good faith, have agreed to avoid the time, expense and effort of engaging in further litigation by resolving all of their disputes alleged in the case filed in the United States District Court, Southern District of New York, index number 17-CV-08577 (WHP) (the "Action"), by entering into this Settlement Agreement (hereinafter, the "Agreement");

**WHEREAS,** Defendant denies all of the material allegations asserted by Plaintiff and denies and continues to deny that it has violated any law, rule or regulation or committed any wrong whatsoever against the Plaintiff:

**NOW, THEREFORE,** the Plaintiff and the Defendant hereby agree, for the consideration and upon the terms set forth in this Agreement, as follows:

1. In full, final and complete settlement of the claims asserted by Plaintiff in the Action including any and all claims for unpaid wages, overtime pay, liquidated damages, penalties, interest and any and all other claims and potential claims asserted by the Plaintiff, including attorneys' fees and costs, without admission that Plaintiff has established that any such claims have any merit or that Plaintiff incurred any damage, Defendant hereby agrees to cause to be paid to the Plaintiff the sum of Twenty Thousand Dollars ($20,000.00) as follows:

To Plaintiff: A total of Twelve Thousand Seven Hundred and Ninety-one Dollars and Thirty-Four Cents (**$12,791.34**), minus the lawful withholdings and deductions to be paid on an IRS Form W-2, representing payment for lost earnings. By no later than the thirtieth (30th), sixtieth (60th) and ninetieth (90th) day (each such day being referred herein as a "Payment Date") following the date this Agreement is approved by the Court, Defendant will issue three (3) separate checks to Plaintiff each totaling Four Thousand Two Hundred Sixty-three Dollars and Seventy-Eight cents (**$4,263.78**) less appropriate taxes and withholdings. Plaintiff shall execute and return an IRS Form W-4 with this Agreement. Defendant shall issue an IRS Form W-2 to Plaintiff in connection with the payments.

To the Law office of Yuriy Moshes, P.C.: A total of Seven Thousand Two Hundred and Eight Dollars and Sixty-Six Cents (**$7,208.66**). Defendant will issue separate checks to Plaintiff's attorneys each totaling Two Thousand Four Hundred and Two Dollars and Eighty-Nine Cents (**$2,402.89**) on or before the first Payment Date and the second Payment Date, and a separate check totaling Two Thousand Four Hundred and Two Dollars and Eighty-Eight Cents (**$2,402.88**) on or before the third Payment Date. This amount represents reasonable legal fees, expenses and costs, for which Plaintiff's counsel will execute and return an IRS Form W-9 with this Agreement. Defendant shall issue an IRS Form 1099 to Plaintiff's attorneys in connection with the payment.

1

Defendant will make the payments described herein (collectively the "Settlement Payments") by sending the checks, via overnight delivery to the Law Office of Yuriy Moshes, P.C., 517 Brighton Beach Avenue, 2nd Floor, Brooklyn, NY, 11235.

Defendant's counsel shall file a stipulation of discontinuance no earlier than ten (10) days from the date that the final Settlement Payment is sent to Plaintiff's counsel.

2.   In consideration of the payments, benefits, agreements and other consideration to be provided by Defendant as described in the Agreement, Plaintiff, for himself and his heirs, executors, administrators and his respective successors and assigns, **HEREBY RELEASES AND FOREVER DISCHARGES**, to the maximum extent permitted by law, Defendant, any insurers of Defendant, and Defendant's parent corporations, stockholders, subsidiaries, affiliates, divisions, successors and assigns, and its current and former officers, owners, directors, employees, trustees, agents, whether as individuals or in their official capacity, and each of their respective successors and assigns, and attorneys (collectively, the "Releasees") of and from all or any manner of actions, causes and causes of action, suits, debts, obligations, damages, complaints, liabilities, losses, covenants, contracts, controversies, agreements, promises, and expenses (including attorneys' fees and costs), extents, executions, claims and demands whatsoever at law or in equity ("claims"), which were alleged in the complaint filed in the Action, specifically including Federal Labor Standards Act and New York Labor Law, and its associated regulations concerning unpaid wages, record-keeping violations and failure to provide proper wage statements, which Plaintiff ever had or now has upon or by reason of any matter, cause or thing whatsoever arising out of Plaintiff's employment by Defendant or his termination thereof.

3.   Plaintiff further agrees that he shall voluntarily withdraw all other pending actions filed in federal or state court, as well as any and all administrative charges, against Defendants and/or any Releasees, if any, which involve substantially the same claims or subject matter or seek substantially the same relief as the claims and subject matter of and relief sought in the Action.

4.   A.   Plaintiff understands and agrees that he has been advised to consult with his own attorney before signing this Agreement, and that he has done so by consulting with Alex Umansky, Esq., of the Law Office of Yuriy Moshes, P.C. and that Plaintiff's attorneys did review and approve this Agreement.

   B.   Plaintiff has read this entire document and fully understands it and understands its legal and binding effect.

5.   By entering into this Agreement, none of the parties hereby make any admission or concession of any wrongdoing whatsoever or violation of any law, statute, regulation, right or order or breach of any duty or contract, and Plaintiff expressly acknowledges that Defendant denies any wrongdoing arising out of Plaintiff's employment and separation thereof. Neither this Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings associated with it, shall be offered or received in evidence as giving rise to a presumption, concession or admission of any liability, fault or other wrongdoing on the part of any of the parties hereto. Neither the payments set forth herein nor the negotiations for this

Agreement (including all statements, admissions or communications) by the parties, their attorneys, or representatives shall be considered admissions by any of the parties. This Agreement is not, nor shall it be deemed to be, an admission of any past or present wrongdoing on the part of the Defendant, who expressly deny any liability to the Plaintiff arising out of or in connection with this action. No party hereto shall be deemed to be a prevailing party for any purpose.

6.     If any provision of this Agreement is determined by a Court of competent jurisdiction not to be enforceable in the manner set forth in this Agreement, the parties agree that it is their intent that such provision should be enforceable to the maximum extent possible under applicable law and that such provision shall be reformed to make it enforceable in accordance with the intent of the parties. If any provisions of this Agreement are held to be invalid or unenforceable, such invalidation or unenforceability shall not affect the validity or enforceability of any other portion hereof.

7.     The parties agree that the United States District Court, Southern District of New York shall retain jurisdiction for all purposes. The parties agree to re-open the case if Defendant defaults in the disbursement of any check as described in Paragraph 1. The term default as used herein shall mean if (i) Defendant fails to make in full any of the Settlement Payments as set forth above in paragraph 1 and (ii) Defendant shall have still failed to make any of the required Settlement Payments within seven (7) calendar days of Defendant's attorneys receiving a notice of default (which shall be sent via overnight mail). If, however, Defendant shall have in good faith timely sent the checks to Plaintiff's attorneys and for some reason beyond Defendant's control, Plaintiff's has attorneys have not timely received the checks, such circumstance shall not constitute a default under this Agreement.

8.     In the event any party violates, or purports to violate, any of the provisions of this Agreement, the failure of the other party or parties, at any time to enforce any of their rights or remedies with respect thereto, shall not constitute a waiver by that party or those parties of any of their rights and remedies to enforce this Agreement, either with respect to the same violation or to any future violations of any of the provisions of this Agreement.

9.     Plaintiff acknowledges and agrees that he will not apply for or otherwise inquire, seek or accept employment, contract work, temporary work or any other association with the Defendant at any time and that the Defendant is entitled to reject without cause any inquiry regarding or application for contract work or employment made by Plaintiff. Plaintiff acknowledges and agrees that his forbearance from seeking future employment or association with Defendant is purely contractual and in no way involuntary, discriminatory or retaliatory. Plaintiff further acknowledges and agrees that in the event that it is discovered that he has become employed by or affiliated with Defendant, Defendant may immediately terminate such Plaintiff without any recourse to Plaintiff in law or equity.

10.    By signing this Agreement, Defendant and Plaintiff know of no reason why their respective signatures would be ineffective in any way so as not to bind them. This Agreement shall become effective immediately upon execution.

11. This Agreement represents the entire agreement between Plaintiff and Defendant. This Agreement cannot be amended, supplemented, or modified, nor may any provision be waived, except by a written instrument executed by the party against whom enforcement of any such amendment, supplement, modification or waiver is sought. Each party stipulates and agrees that, in entering into this Agreement, they are not relying on any representation made by any other party unless such representation is expressly set forth herein.

12. This Agreement shall be governed by the laws of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

13. This Agreement may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall constitute one and the same agreement. Electronic and/or facsimile signatures shall be deemed as originals.

14. For the purposes of this Agreement, the parties hereby agree that any notices, correspondence, communications and payments shall be directed as follows:

For Plaintiff: Alex Umansky, Law Office of Yuriy Moshes, P.C., 517 Brighton Beach Avenue, 2nd Fl., Brooklyn, NY, 11235.
For Defendant(s): Steven Kaplan, Esq., McLaughlin & Stern, LLP, 260 Madison Avenue, New York, NY, 10016.

**[SIGNATURE PAGE FOLLOWS]**

Date: 02/25/18

_____
LUIS CAMAS

Date:

_____
TUTTO BENE RESTAURANT INC. d/b/a CHELSEA
RISTORANTE ITALIANO
By:

5

Date:

_____
LUIS CAMAS


Date: February 27, 2018

_____
TUTTO BENE RESTAURANT INC. d/b/a CHELSEA
RISTORANTE ITALIANO
By: Naim Gjonbalaj, Vice President

5